UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| VICTOR K CHAN, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>THE PACIFIC GAS AND ELECTRIC COMPANY HEALTH CARE PLAN FOR MANAGEMENT AND ADMINISTRATIVE AND TECHNICAL EMPLOYEES, et al.,<br><br>　　　　　　Defendants.<br>_____/ | No. C 13-05379 LB<br><br>**ORDER REGARDING STIPULATION FILED ON JANUARY 21, 2014**<br><br>[Re: ECF No. 11] |

　　In this action, Plaintiffs Victor Chan and Shirley Ip have sued two Defendants: (1) The Pacific Gas and Electric Company Health Care Plan for Management and Administrative & Technical Employees and (2) Anthem Blue Cross Life and Health Insurance Company. Complaint, ECF No. 1. So far, the PG&E Health Care Plan is the only Defendant to have appeared in this action (Plaintiffs have not filed executed summonses so it is not clear whether Anthem even has been served), and only Plaintiffs have consented to the undersigned's jurisdiction. Consent (Plaintiffs), ECF No. 8.

　　On January 21, 2014, Plaintiffs and the PG&E Health Care Plan filed a stipulation to do two things: (1) to dismiss with prejudice Plaintiffs' second claim, which Plaintiffs bring against Anthem only; and (2) to extend the time for the PG&E Health Plan to answer or otherwise respond to Plaintiffs' complaint from January 21, 2014 to February 11, 2014. Stipulation, ECF No. 11.

C 13-05379 LB
ORDER

The court notes two things about this stipulation. First, Federal Rule of Civil Procedure 41 does not allow Plaintiffs and the PG&E Health Plan to dismiss Plaintiffs' second claim in this way. Generally, a plaintiff has the right to dismiss its "action" against a particular defendant under Rule 41(a)(1)(i) by filing "a notice of dismissal before the opposing party serves either an answer or motion for summary judgment," or under Rule 41(a)(1)(ii) by filing "a stipulation of dismissal signed by all parties who have appeared." However, Rule 41(a)(1) is silent with respect to a plaintiff's dismissal of fewer than all claims in a multi-claim complaint. *See id.*; *see also Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077 (9th Cir. 1999). In *Ethridge v. Harbor House Restaurant*,, the Ninth Circuit stated expressly that "a plaintiff may not use Rule 41(a) to dismiss, unilaterally, a single claim from a multi-claim complaint." 861 F.2d 1389, 1392 (9th Cir. 1988). Voluntary dismissals with judicial consent pursuant to Rule 41(a)(2) are subject to the same limitation. *Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 688 (9th Cir. 2005). Thus, Rule 41(a) "does not allow for piecemeal dismissals." *Hells Canyon*, 403 F.3d at 688 (citing *Ethridge*, 861 F.2d at 1392). For this reason, dismissal of fewer than all claims should not occur under Rule 41(a); rather, it should occur under Rule 15(a) as an amendment to the complaint. *Id.* ("[W]ithdrawals of individual claims against a given defendant are governed by Fed. R. Civ. P. 15, which addresses amendments to pleadings.") (citation omitted). Following the Ninth Circuit's guidance, the court therefore construes the stipulation as an amendment of their complaint—one that eliminates their second claim against Anthem. *See id.* at 690 (construing a dismissal as an amendment to a complaint).

Second, Civil Local Rule 6-1(a), "[p]arties may stipulate in writing, without a Court order, to extend the time within which to answer or otherwise respond to the complaint . . . , provided the change will not alter the date of any event or any deadline already fixed by Court order." That is the situation here; therefore, the parties do not need a court order to give the PG&E Health Plan until February 11, 2014.

**IT IS SO ORDERED.**

Dated: January 23, 2014

_____
LAUREL BEELER
United States Magistrate Judge